UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LUIZ FELIPE SILVA-E SANTOS,**   )<br>                                                          )<br>              Petitioner,              )<br>                                                          )            **Civil Action No.**<br>      v.                                            )            **26-10505-FDS**<br>                                                          )<br>**ANTONE MONIZ, et al.,**            )<br>                                                          )<br>              Respondents.          )<br>                                                          ) | |

**MEMORANDUM AND ORDER ON PETITION
FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner Luiz Felipe Silva-E Santos is a citizen of Brazil who unlawfully entered the United States in 2024. He was detained by immigration authorities and placed into expedited removal proceedings. He was then released on his own recognizance under 8 U.S.C. § 1226 and issued a Notice to Appear in immigration court.

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, New England Field Office Director, U.S. Immigration and Customs Enforcement; Michael Krol, New England Special Agent in Charge for Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; Pamela Bondi, U.S. Attorney General; and Donald Trump, President of the United States, as respondents. It alleges that, at the time of filing, petitioner was detained at the ICE processing center in Burlington, Massachusetts. (Pet. Writ Habeas Corpus ¶ 21, Dkt. No. 1).

The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Todd Lyons, Kristi Noem, Pamela Bondi, and Donald Trump are national officials and have no direct supervision over ICE detainees in Massachusetts. The Court will therefore dismiss the claims against those respondents.

On January 31, 2026, he was taken into ICE custody. Petitioner contends that his continued detention without a bond hearing under 8 U.S.C. § 1225 violates both 8 U.S.C. § 1226(a) and his Fifth Amendment rights. He seeks immediate release or, in the alternative, a constitutionally adequate bond hearing.

I.     **Background**

Luiz Felipe Silva-E Santos is a citizen and national of Brazil. (Pet. Writ Habeas Corpus ["Pet."] ¶ 1, Dkt. No. 1). On August 15, 2024, he unlawfully entered the United States near Eagle Pass, Texas. (*Id.*). According to the petition, that same day he received an Order of Expedited Removal. (*Id*). Nevertheless, on September 10, 2024, he was released on his own recognizance under § 236 of the Immigration and Nationality Act (codified at 8 U.S.C. § 1226) and issued a Notice to Appear in immigration court. (*Id.*; Order of Release on Recognizance, Dkt. No. 1-3; Notice to Appear, Dkt. No. 1-3).

On January 31, 2026, ICE arrested Silva-E Santos somewhere in New Hampshire. (Pet. ¶ 2). He was then transported to the ICE processing center in Burlington, Massachusetts, where he remained detained at the time of the petition's filing. (*Id.* ¶¶ 2, 21).

Later that day, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition contends that his detention without a bond hearing violates 8 U.S.C. § 1226(a) as well as his Fifth Amendment right to due process.

On February 2, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Order Concerning Stay of Transfer or Removal 2, Dkt. No. 5). Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled

to the same relief. (*Id.* at 1).

On February 6, 2026, respondents answered the petition. They concede "that the legal issues presented in this Petition are similar to these recently addressed by this Court in *De Andrade*" and "[s]hould the Court follow its reasoning in [that case], it would reach the same result here." (Resp'ts' Opp'n to Pet. 1, Dkt. No. 7).

## II.     Analysis

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by over 160 different judges), non-citizens who unlawfully entered the United States but have resided in the country for some time are subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b). *But see Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Because petitioner was released on an order of recognizance, he has "effected an entry into the United States," *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), and his detention cannot be governed by § 1225(b). As explained in *De Andrade*, that is true notwithstanding his initial Order of Expedited Removal. *See also Sidqui v. Almodovar*, 2026 WL 251929, at *10 (S.D.N.Y. Jan. 30, 2026) (collecting cases). Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021)). Due process therefore requires that

3

petitioner be granted a bond hearing in which the government bears the burden of proof. *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention"). His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court will therefore grant his petition.

### III.    Conclusion and Order

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a bond hearing no later than February 20, 2026. The claims against respondents Todd Lyons, Kristi Noem, Pamela Bondi, and Donald Trump are DISMISSED.

**So Ordered.**

Dated:  February 12, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge